DeWITT ALLEN GREEN v. DeWITT ALLEN GREEN AND CITY BANK FARMERS TRUST COMPANY, EXECUTORS AND TRUSTEES OF THE ESTATE OF DeLEON F. GREEN UNDER THE LAST WILL AND TESTAMENT OF DeLEON F. GREEN, DECEASED, ELIZABETH P. GREEN, WIFE OF DeWITT ALLEN GREEN, AND DeWITT ALLEN GREEN, JR., ROBERT SATER GREEN AND BRENT PIERCE GREEN, INFANTS UNDER THE AGE OF 14 YEARS, AND ALL PERSONS NOT IN ESSE WHO HAVE OR MAY HAVE OR CLAIM AN INTEREST IN THE ESTATE OF DeLEON F. GREEN, DECEASED, THE UNIVERSITY OF NORTH CAROLINA AND SIDNEY C. CHAMBERS, GUARDIAN AD LITEM OF DeWITT ALLEN GREEN, JR., ROBERT SATER GREEN AND BRENT PIERCE GREEN, INFANTS, AND ALL PERSONS NOT IN ESSE WHO HAVE OR MAY HAVE OR CLAIM AN INTEREST IN THE ESTATE OF DeLEON F. GREEN, DECEASED.

(Filed 12 October, 1949.)

**Wills § 33d—**

Construing the will and codicil in suit to ascertain the testator's intent, *it is held* that the provision of the will that testator's son should be paid all or any part of the principal that he should request in writing, interpolated parenthetically in the provision setting up a trust with the net income to be paid the son for life, does not authorize the transfer of testator's residence to the son upon his request in fee unaffected by the limitations of the trust.

APPEAL by plaintiff from *Bone, J.,* at June Term, 1949, of HALIFAX. Affirmed.

*Murray Allen for plaintiff, appellant.*
*No counsel contra.*

DEVIN, J. The purpose of this suit is to determine the proper construction of the will of DeLeon F. Green, instituted by DeWitt Allen Green, son of the testator and a beneficiary under the will, to which suit the executors and trustees and all persons interested, including those not *in esse,* have been made parties defendant.

It appears from an examination of the will that after making bequest of certain personal property to his son, a sum to a servant, and a fund for the care of a cemetery lot, the testator in the fifth clause disposed of the remainder of his estate as follows:

"All the rest, residue and remainder of my estate, both real and personal and wheresoever situated, of which I shall die seized or possessed, or to which I shall be in any way entitled at the time of my death, I give, devise and bequeath to my Trustees hereinafter named, IN TRUST, NEVERTHELESS, to hold, manage, invest and reinvest the same, to collect and receive the income thereof, and to pay or apply the net amount of such income (and in addition thereto so much, or all, of the principal thereof as he may at any time and from time to time and for any reason whatsoever request in writing) to or for the use of my son, DeWitt Allen Green, so long as he shall live, and upon the death of the survivor of my son and myself to divide and set apart the then remaining principal of the trust fund into so many equal shares that there shall be one such equal share for each then living grandchild of mine and one such equal share for the issue (collectively) then living of each then deceased grandchild of mine of whom issue may then be living and to hold and dispose of said equal shares as follows:" (Provisions not material to the decision are omitted.)

By codicil testator added the following:

"If at any time when my present residence property situated in part in Weldon and part in Halifax County, North Carolina, shall be held in trust, or partly in trust, under the terms of clause 'FIFTH' of my said Will, my son, DeWitt Allen Green, shall request in writing that the present residence thereon and any connected buildings (but not unconnected buildings) be demolished, I direct that such residence and connected buildings be forthwith demolished, and after my son's decease, if his wife, Elizabeth Pierce Green, while neither of my grandsons named in my said Will shall be living and over the age of 21 years, or such one or both of my grandsons as shall at the time be living and over the age of 21 years, shall request in writing that said residence and connected buildings be demolished, I direct that they be forthwith demolished. In any event, I direct that said residence property be not sold or disposed of by any trustees or trustee under my Will owning the same without first demolishing said residence and connected buildings, and that no consent of any individual shall be required for demolition in connection with any such sale or then pending sale. I direct the trustees or trustee holding at the time any other property of mine in trust under the provisions of clause 'FIFTH' of my Will to pay the cost of any demolition out of the trust principal then held by such trustees or trustee. It is my hope that eventually one or both of my said grandsons will desire to use and occupy

the said residence property as his or their residence, and as long during the term of any trust under clause 'FIFTH' as said residence and connected buildings remain on said residence property and it is the fact that it is, or seems possible that it may become the residence of either or both of my said grandsons, it is my wish, but I do not direct it, that the gross income from any other property held in trust under the terms of said clause be expended liberally for the maintenance and upkeep of said residence property."

The will was probated in New York with plaintiff and City Bank Farmers Trust Company, a New York corporation, qualifying as executors and trustees, and thereafter the will was duly admitted to probate in Halifax County, North Carolina, and the plaintiff DeWitt Allen Green qualified in North Carolina as sole executor and trustee. The testator left surviving two grandchildren, aged 11½ and 9½ years respectively, sons of the plaintiff, DeWitt Allen Green, and his wife Elizabeth P. Green.

The plaintiff desires, pursuant to the provisions of the will and codicil, now to withdraw from the trust the residence and connected buildings referred to in the codicil and to have same transferred to him to be held in his own right in fee simple. All defendants join in the prayer for construction of the will and for judicial determination of plaintiff's right thereunder.

The court below held that plaintiff did not have right to have the real estate described and improvements thereon withdrawn from the trust and conveyed to himself in fee simple. Judgment was entered accordingly, and plaintiff appealed.

By the fifth clause of his will the testator, after making several bequests of personal property, devised the remainder of his estate, real and personal, to trustees in trust to hold and manage, and to pay the income therefrom to his son for life, and upon his death, to divide and set apart the then remaining principal of the trust into equal shares for the benefit of testator's grandchildren. But immediately following the direction to the trustees to pay the plaintiff "such income," the testator inserted parenthetically the clause that "in addition thereto so much, or all, of the principal thereof as he may at any time and from time to time and for any reason whatsoever request in writing," and then, closing the parenthesis, the testator continued with the limitation "so long as he shall live."

The determinative question presented for our decision is whether the plaintiff upon written request has the right to have the residence property transferred to him to be held in his own right in fee simple freed from the provisions and limitations of the trust, or whether upon the transfer of this property at his request, he would hold it subject to the provisions

of the trust that it be held for life only and after his death be divided into equal shares for the testator's grandchildren.

It is argued for the plaintiff that the testator by the clause in paren-thesis manifested his intention that his son should be entitled upon request to any or all of the principal absolutely, and that this view is supported by the subsequent direction to divide "the then remaining principal of the trust" into shares for his grandchildren, suggestive of diminution of the principal by valid transfers therefrom at the request of the son. But as the trustees were given authority by the will to deal with the trust estate and to sell any part of it if deemed proper, we do not think the use of the word "remaining" necessarily should be under-stood as indicating the testator had in mind that the principal might be permanently reduced by transfer in fee to the plaintiff. Though the trustees were directed to pay or apply to the plaintiff the net income, and in addition a part or all of the principal if so requested, it does not follow that property transferred to the plaintiff under this provision would not be subject to the general limitation for the life of the son and then to be divided between testator's grandchildren.

When we examine the will and codicil, and every part thereof, we con-clude therefrom it was not the intention of the testator that the residence property should be conveyed to the plaintiff at his request in fee simple freed from the limitations of the trust. The testator's evident concern for the benefit of his grandchildren, and the elaborate provision he made in the will for the eventual holding and disposition of equal shares in the trust estate by them and their issue, coupled with his expressed hope that one or both of his grandchildren should use and occupy the residence property as a residence, would seem to negative the contention that it was the testator's intention that the son should be entitled on request to a con-veyance of this property by the trustees to himself individually, in fee simple, unaffected by the limitations of the trust, to the exclusion of the grandchildren.

No explanation is offered in the record as reason for the testator's direction that the residence property should not be sold or disposed of by his trustees without first demolishing the residence and connected build-ings. The court found this property has a replacement value of $50,000. However, whether a court of equity would enforce that provision, if occasion should arise, it is not necessary to decide on this appeal.

We think the court below has ruled correctly and the judgment is

Affirmed.